IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:23-cv-00082-MR

| | |
|---|---|
| DAVID MEYERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| EMILY BAUCOM, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Also pending is the Plaintiff's pro se "Consolidated Motion to Consolidate Cases Filed Below" [Doc. 4]. The Plaintiff has applied to proceed in forma pauperis. [Doc. 5].

**I.    BACKGROUND**

The pro se Plaintiff, who is presently incarcerated at the Alexander Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1]. The Plaintiff names as Defendants Emily Baucom, the Clerk of the North Carolina Industrial Commission (NCIC), and the NCIC. [See id. at 1-2]. The Plaintiff appears to claim that the Defendants violated his First and Eighth Amendment rights by failing to process 13 tort claims that he attempted to file in the NCIC on 31 occasions between February 2022 and

May 2023. [Id. at 4-5]. For injury, he claims that the Defendants "are committing obstruction of justice and tampering with David Meyers as a witness, victim, and informant by denying [him] access to the honorable court to litigate and prosecute the NCDPS-NCDPS-NCDAC for its employees causing [him] head injuries from illegally kidnapping David Meyers and hitting [him] 41 times on [his] head with firearms on 06-17-2021; and for [his] head injuries and cut veins on [his] wrists caused by NCDPS staff on 08-06-2021." [Id. at 5]. He seeks $5 million in compensatory damages, $100,000 in punitive damages, and a jury trial. [Id. at 5, 11].

The Plaintiff claims that he is in "imminent danger" due to "Clerk Emily Baucom marshaling and sanctioning the NCDPS-NCDAC prisons staff to execute the NCDPS-NCDAC prisons staff murder for hire assassination of David Meyers and to keep unceasingly forcing anal sodomizing David Meyers and violently stabbing [him] from this 05-30-2023 until future cont. date." [Id. at 8-9].

The Plaintiff failed to pay the filing fee or submit a motion to proceed in forma pauperis with his Complaint. As such, the Clerk mailed the Plaintiff a Notice of Deficiency, advising the Plaintiff that he must either pay the filing fee or file an application to proceed without prepayment of the filing fee ("IFP Application") within 21 days of the Clerk's Order. [Doc. 2]. On June 13,

2

Case 5:23-cv-00082-MR   Document 6   Filed 07/14/23   Page 2 of 9

2023, the Plaintiff filed a completed IFP Application. [Doc. 5]. In his Application, Plaintiff claims imminent danger as follows:

> I David Meyers do assert that I am in imminent danger on this 06-13-2023 and I David Meyers do certify that Emily Baucom and the Defendants are marshalling NCDAC employees to kill me…. I David Meyers further assert that I am in imminent danger due to Emily Baucom and the Defendants marshaling the Alexander Correctional Institute Warden Honeycut, Joshua Sigmon, Captain Hester, Captain Davis, Lt. Moss to hire the Russian Military to airstrike my cell so that the prison employees named above can false allege that organized crime networks crime lords bombed my cell as retaliation for my litigation filed on the American and Russian organized crie networks in case name David Meyers vs. Christina Trioani, US District Court for District of Columbia…. I David Meyers assert that I am in danger due to Emily Baucom and all the Defendants marshaling the NCDAC employees to kill me from 06-17-2021 until this 03-13-2023.

[Id. at 1-4]. He seeks an imminent danger evidentiary hearing. [Id. at 5].

In the pending "Consolidated Motion" [Doc. 4], the Plaintiff asks the Court to consolidate this matter with several of his other lawsuits. He further argues that he is in imminent danger because "the Defendants are going to execute a murder for hire assassination on David Meyers to murder [him] and the Defendants have made unceasing death threats to David Meyers to murder [him] from 04-27-2023 until this 05-30-2023." [Id. at 1-2].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the

3

Case 5:23-cv-00082-MR   Document 6   Filed 07/14/23   Page 3 of 9

grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of the Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the

prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020).

In 2020, the Fourth Circuit held that the Plaintiff has had three or more prior cases dismissed for being frivolous, malicious, or failing to state a claim upon which relief can be granted. Meyers v. Comm'r of Soc. Sec. Admin., 801 Fed. App'x 90, 91 (4th Cir. 2020); see also Meyers v. Brown, No. 2:20-cv-70 (E.D. Va.), Doc. 68 (collecting cases). A brief review of the Plaintiff's litigation history in the Middle District of North Carolina and the Eastern and Western Districts of Virginia confirms that the Plaintiff is subject to 28 U.S.C. § 1915(g). See Meyers v. Jones, No. 7:18-cv-414 (W.D. Va. Nov. 2, 2018) (dismissed as frivolous and malicious); Meyers v. U.S. District Court, 7:18-cv-458 (W.D. Va. Nov. 2, 2018) (dismissed as frivolous and malicious); Meyers v. Clarke, 7:18-cv-460 (W.D. Va. Nov. 2, 2018) (dismissed as frivolous and malicious); Meyers v. Northam, No. 7:18-cv-473 (W.D. Va. Nov. 2, 2018) (dismissed as frivolous). The Court has reviewed the docket in each of these matters and finds that they count as a "strike" for the purposes of

the application of 28 U.S.C. § 1915(g). See Pitts v. South Carolina, 65 F.4th 141 (4th Cir. 2023).

The Plaintiff, therefore, must show that he is under imminent danger of serious physical injury. For the "imminent danger" exception of § 1915(g) to apply, "the imminent danger 'must exist at the time the complaint … is filed, not when the alleged wrongdoing occurred,' and the prisoner "must allege 'ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Meyers v. Clarke, 767 Fed. App'x 437, 439 (4th Cir. 2019) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)).

This and other Courts have recently dismissed Complaints filed by Plaintiff pursuant to § 1915(g) because he failed to plausibly allege any facts supporting application of the imminent danger exception, and finding that the Plaintiff is delusional and under no threat of imminent danger. See Meyers v. United States, No. 3:23-cv-223-MR, 2023 WL 4281733, at *2-3, (W.D.N.C. June 29, 2023) (dismissing Bivens and FTCA complaint pursuant to § 1915(g) because Plaintiff's claims that "dirty judges" are "marshaling the 'state prison' officials to commit unceasing sexual assaults, rapes, stabbings, hate crimes, illegal kidnappings, and forced [drug] administration" on Plaintiff fail to credibly allege present imminent danger and are "delusional"); Meyers

v. Does, No. 5:23-cv-64-MR, 2023 WL 4280676, at *1, 3 (W.D.N.C. June 29, 2023) (same regarding allegations that prison officials dragged him from his wheelchair in front of Foothills and "hurled" him headfirst into a blue SUV, causing Plaintiff to strike his head repeatedly; then, two white male "supremacist prison guards" kidnapped him, forcibly anally sodomized him, cut his neck, and illegally drove him to Alexander Correctional Institute where numerous prisoners made threats to murder him); Meyers v. Foothills Correctional Inst. Wardens, No. 1:23-cv-123-GCM, 2023 WL 3743069, at *1-2 (W.D.N.C. May 31, 2023) (same); see also Meyers v. Hall, No. 7:19-cv-406, 2020 WL 231092, at *15 (W.D. Va. Feb. 2020), *report and recommendation adopted*, 2020 WL 1482561 (W.D. Va. March 27, 2020) (finding that Plaintiff's claims that "hundreds" of inmates and Virginia DOC employees are trying to murder him are "delusional").

The Plaintiff here again fails to plausibly allege any facts supporting application of the imminent danger exception. The Plaintiff continues to claim that prison officials are threatening and conspiring to kill him, and now he asserts the same claims against the NCIC and its clerk. Nothing in the Plaintiff's allegations "evidence[es] the likelihood of imminent serious physical injury." Meyers, 767 F. App'x at 439. The Plaintiff does not allege or show that any credible imminent danger currently exists. Moreover, the

7

Case 5:23-cv-00082-MR   Document 6   Filed 07/14/23   Page 7 of 9

Plaintiff's past filings in this Court and others plainly demonstrate that the Plaintiff is delusional and under no threat of imminent danger. See, e.g., Meyers v. United States, No. 3:23-cv-223-MR, 2023 WL 4281733; Meyers v. Does, No. 5:23-cv-64-MR, 2023 WL 4280676; Meyers v. Foothills Correctional Inst. Wardens, No. 1:23-cv-123-GCM, 2023 WL 3743069; Meyers v. Hall, No. 7:19-cv-406, 2020 WL 231092. The Court, therefore, will dismiss the Plaintiff's Complaint under § 1915(g). The Plaintiff's pending Motion is denied as moot.

**The Plaintiff is strongly cautioned that repeated filing of frivolous actions may result in the imposition of sanctions and/or prefiling injunctions that would limit the Plaintiff's ability to file further lawsuits in this Court.**

### IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action as barred by the three-strikes provision of 28 U.S.C. § 1915(g) and vacate the Order granting the Plaintiff in forma pauperis status. The Plaintiff's pending Motion is denied as moot.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs [Doc. 5] is **DENIED**.

2. This action is **DISMISSED WITHTOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

3. The Plaintiff's "Consolidated Motion" [Doc. 4] is **DENIED AS MOOT**.

The Clerk is respectfully instructed to add this case to the Plaintiff's Filer Status Report in CM-ECF and to close this case.

**IT IS SO ORDERED**.

Signed: July 14, 2023

Martin Reidinger
Chief United States District Judge